## STATE *versus* BIGELOW.

Proof that a part of the proceedings, for the establishment of a *town* road, were legally conducted, will authorize a jury, after the lapse of thirty years, to infer that all the other requisites of the law were complied with, and that the road was legally established.

ON EXCEPTIONS from the *District Court*, EMERY, J.

INDICTMENT for obstructing " *a common and public high-way* for all the citizens of the State to travel upon at their will and pleasure."

To establish the existence of the *highway*, the government introduced evidence tending to prove that for more than thirty years it had been used as a highway.

The defence was, that it was not a " *common and public highway*," but a *town road,* established by the town, and that it had been discontinued by the town prior to the incumbrance complained of. The defendant read in evidence certain of the town records showing *that*, in 1816, a town meeting was called by a warrant containing, among other things, an article " to accept and discontinue roads ;" *that* the constable return-ed upon the warrant that he " had warned all the male inhab-itants according to law ;" and *that*, at said meeting, " the town voted to accept this road."

He also introduced evidence tending to show that, in 1817, the town paid to the land-owners the damages created by the location.

He also read from the town records of 1851, showing that, prior to the incumbrances named in the indictment, certain proceedings were had by the town and its officers, purporting to constitute a discontinuance of the road.

He then requested instructions to the jury, that they were at liberty to infer from the evidence that it was a town way, and not a common and public highway, as alleged in the in-dictment ; and that, if satisfied that it was a town way, they should acquit the defendant.

The Judge declined to give those instructions, but instruct-

ed the jury that the evidence introduced by the defendant constituted no defence. The defendant excepted.

*Paine*, for the defendant.

As the indictment charges the obstruction of a common and public highway, the character of the way must be proved as laid, or the indictment is not sustained. *Com.* v. *Newbury*, 2 Pick. 51; *State* v. *Sturtevant*, 18 Maine, 66; *State* v. *Strong*, 25 Maine, 297.

If the road obstructed was originally a town way, the town might discontinue. Stat. of 1786, chap. 67, sec. 7; R. S. chap. 25, sec. 30.

The record introduced shows a discontinuance before the obstruction complained of.

Upon both grounds it was important for the defendant to show the road to be a town way. Whether a town way or public way was a question for the jury, with proper instructions from the Court.

The article in the warrant of 1816, though general, is definite enough. *Williams* v. *Lunenburg*, 21 Pick. 75; *Torry* v. *Millbury*, 21 Pick. 64; *Davenport* v. *Hallowell*, 10 Maine, 317; *Deane* v. *Washburn*, 17 Maine, 100; *Avery* v. *Stuart*, 1 Cushing, 496.

The return of the constable is sufficient. *Briggs* v. *Murdock*, 13 Pick. 305; *Houghton* v. *Davenport*, 23 Pick. 235; *Alna* v. *Clough*, 8 Maine, 334.

Though a town way cannot be proved by parol, the existence of such way may be *inferred* as well as the existence of a public highway. *Stedman* v. *Southbridge*, 17 Pick. 162; *Com.* v. *Belding*, 13 Met. 11; *Avery* v. *Stuart*, 1 Cush. 496.

After the lapse of thirty years the fact of regular location may be presumed from other facts proved. *Coleman* v. *Anderson*, 10 Mass. 105; *Pejepscot Proprietors* v. *Ransome*, 14 Mass. 145; *Blossom* v. *Cannon*, 14 Mass. 177; *Batley* v. *Holly*, 6 Maine, 145; *Copp* v. *Lamb*, 12 Maine, 312; *Freeman* v. *Thayer*, 33 Maine, 76.

The Judge erred in saying to the jury that the evidence constituted no defence. If they believed the facts which that

State *v.* Bigelow.

evidence tended to establish, they should have been told that they made a good defence. *Or*, if the evidence left it in doubt whether the road was a public highway or a town way, then they should have been told to acquit.

*Tallman*, Attorney General, for the State.

The case is against the defendant, unless he prove that the way was a town road. That must be shown by the records. The records are all in Court. If the establishment of a town road cannot be proved by proceedings of record, all had and conducted in conformity to the requirements of law, there can be no town road. It cannot be shown by a grant, for a way by grant is not a town way. Neither can presumption from lapse of time avail to establish it, for it would be in contradiction to the records. The authorities from Massachusetts, cited on the other side, are not binding here. They are in conflict with the earlier and better decisions, the soundness of which will commend them to the approval of this Court.

The argument was had, by consent of parties, at Augusta.

The opinion of the Court, Shepley, C. J., Howard, Rice and Appleton, J. J., was drawn up by

Shepley, C. J. — The defendant was indicted for obstructing a highway in the town of Livermore. Testimony was introduced to prove, that it had been used as such for more than twenty years.

In defence, a record of certain proceedings of that town with proof of its acts, was introduced, tending to show, that the way was laid out as a town way, and that it had been discontinued by a vote of the town, before it had been obstructed.

The presiding Judge, probably considering that this Court had decided, that a town way could be established only by a record exhibiting a compliance with the provisions of the statute, instructed the jury, that the evidence introduced by the defendant constituted no defence.

The Supreme Court of Massachusetts having expressed an opinion, in the case of *Commonwealth* v. *Low*, 3 Pick. 408,

" that a town way can be established only in the mode pre-
scribed by statute of 1786, chap. 67 ;" this Court, in the case
of the State v. Sturdivant, 18 Maine, 66, yielded its assent
to that decision not without some reluctance.

In the case of Commonwealth v. Belding, 13 Metc. 10,
that Court reëxamined the question, and came to the con-
clusion, that " with the proper evidence it would seem reason-
able, that a town way might be shown, as well as a public
highway, without in all cases producing a record of its es-
tablishment as a town way." The instructions were held
to be correct, which had authorized the jury to infer from
testimony introduced, that a way was laid out as a town
road.

This was followed by the case of Avery v. Stuart, 1
Cush. 496, in which the opinion states, " we cannot doubt,
that this evidence was admissible, although it might appear,
that the laying out of the way was not strictly regular and
definite as to its location." And the Court held, that it had
been properly left to the jury to decide on the whole evi-
dence, whether the way was a public way or a town way.

The later decisions are more satisfactory, being more in ac-
cordance with established principles and with the law as ap-
plied in analogous cases.

The record of the proceedings of the town and the other
testimony tending to prove, that the way was laid out as a
town way, appear to have been properly received.

The effect of that testimony should have been submitted
to the jury under proper instructions, that they might con-
sider, whether it was sufficient to rebut the presumption of
law arising from the proof of its long continued use by all
the citizens having occasion to use it, that it was a highway.

If they had so found, the defendant would have been en-
titled to an acquittal, for he was not indicted for obstruct-
ing a town way.  *Exceptions sustained, verdict set*
*aside and new trial granted.*